IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| SUNNY DAYS ENTERTAINMENT, LLC<br><br>*Plaintiff*,<br><br>vs.<br><br>TRAXXAS, L.P.<br><br>*Defendant*. | Civil Action No.: 6:18-cv-00015-DCC<br><br>Judge Donald C. Coggins |

## AMENDED COMPLAINT

Plaintiff, by and through Counsel, states as follows for its Amended Complaint.[1]

### PARTIES

1. Sunny Days Entertainment, LLC ("Plaintiff" or "Sunny Days"), is a South Carolina Corporation having a principal place of business at 208 Chancellors Park Ct., Simpsonville, South Carolina, 29681; with a secondary office located at 4053 Lambert Trail, Birmingham, Alabama 35242.

2. Traxxas, L.P. ("Defendant" or "Traxxas") is a Texas Limited Partnership having a principal place of business at 6250 Traxxas Way, McKinney, TX 75070.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction for the declaratory judgment claims asserted in this Complaint pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This action also relates to alleged trademark rights under 15 U.S.C. §1114, §1125, et seq. (the "Lanham Act"). Thus, this Court has original jurisdiction over the subject matter of this

---

[1] The Original Complaint was filed on 1/3/18, but never served on the Defendant. As such, Plaintiff may amend its Complaint as a matter of course, and without leave of Court.

action pursuant to 28 U.S.C. §§ 1331 and 1338. In addition, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the citizenship of the parties is diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court in accordance with 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to this Complaint occurred in this district, and this district is the principal business location of Plaintiff, and Plaintiff has been threatened with a claim of infringement in this district.

5. This Court has personal jurisdiction over Defendant because Defendant engages in business in the State of South Carolina and has sufficient contacts in the State of South Carolina to subject it to *in personam* jurisdiction. Particularly, Defendant sells its products online and through various dealer stores, and Defendant makes its products available to customers all over the United States, including the State of South Carolina. Further, on information and belief, Defendant sells its products in South Carolina. *See* Exhibit A.

## BACKGROUND

6. Defendant makes and sells radio-controlled model vehicles and related parts and motors.

7. Sunny Days makes and sells role play toys (for children to imitate real life occupations) as well as toy bows and arrows, toy guns, toy trucks, and toy vehicles.

8. Defendant claims ownership of the following trademark registrations on the Principal Register of the U.S. Patent and Trademark Office ("USPTO"):

      (1) "MAXX"      Registration No. 3,191,106 issued on January 2, 2007
      (2) "E-MAXX"    Registration No. 3,619,270 issued on May 12, 2009
      (3) "MINI MAXX"  Registration No. 3,697,101 issued on October 13, 2009
      (4) "T-MAXX"    Registration No. 3,169,710 issued on November 7, 2006
      (5) "X-MAXX"    Registration No. 5,110,758 issued on December 27, 2016
      (6) "XMAXX"     Registration No. 5,110,764 issued on December 27, 2016

(collectively referred to as "Defendant's (or 'its') Registered Marks")

9. Plaintiff Sunny Days began selling toys in commerce under the MAXX ACTION trademark at least as early as April 1, 2014, and on September 6, 2017, Plaintiff filed a trademark application with the USPTO to register MAXX ACTION for "Role play toys in the nature of playsets for children to imitate real life occupation; Toys, namely, toy bows and arrows, toy guns, toy trucks, toy vehicles," Application Serial No. 87598578. *See* Exhibit B.

10. Plaintiff recognizes there are a number of MAXX-related trademarks applied-for or already registered on the Principal Register of the USPTO. In fact there are approximately three hundred ninety-five (395) trademarks utilizing the term, recorded at the USPTO. *See* Exhibit C. Of those nearly four hundred live marks, thirty (30) trademarks, registered or applied-for on the Principal Register, utilize the term MAXX *and* identify goods in Class 28 ("toys and sporting goods"). *See* Exhibit D. In other words, the term MAXX is a fairly common adjectival modifier found in association with many brand names.

11. On December 4, 2017, Defendant sent Sunny Days a cease and desist letter, attached hereto as Exhibit E (the "Cease and Desist Letter"), in which Defendant asserts that it uses its Registered Marks to "identify, advertise, and promote its radio-controlled model vehicles, as well as related goods," and that "Sunny Days Entertainment LLC is violating trademark rights of Traxxas by using the mark MAXX ACTION in connection with its offering of role play toys in the nature of playsets for children to imitate real life occupations; toys, namely, toy bows and arrows, toy guns, toy trucks, toy vehicles," and further that "resulting consumer confusion caused by the use of MAXX ACTION will unfairly give the goods of Sunny Days Entertainment LLC a ready acceptance in the marketplace that is undeserved." *See* Exhibit E.

12. In the Cease and Desist Letter, Defendant alleges specifically that Plaintiff's use of MAXX ACTION, as featured on the product image below, infringes upon Defendant's Registered Marks:



13. Plaintiff's toy vehicle, featured above, as well as other toy vehicles sold under the MAXX ACTION mark are often referred to as "Lights and Sounds Toy Vehicles." Below are similar examples of Plaintiff's Lights and Sounds Toy Vehicles:



14. Plaintiff's Lights and Sounds Toy Vehicles, retail for approximately $4.99 - $19.99. *See* Exhibit F.

15. Defendant offers its radio-controlled model vehicles for sale for approximately $149.99 - $949.99. *See* Exhibit G. Plaintiff notes that of the products displayed on Defendant's website, the *more expensive* units appear to be sold under certain of Defendant's Registered

4813-5962-9915.3-5962-9915.2

5

Marks, including T-MAXX ($439.99), T-MAXX 3.3 ($525.99), E-MAXX ($569.99), and X-MAXX ($949.99), respectively. *See* <u>Exhibit G</u>; *example from Traxxas.com, below*.



16. Plaintiff sells its MAXX ACTION Lights and Sounds Toy Vehicles through "mass market" outlets, such as Target, Walmart, Kohl's, and the like, as well as through Amazon.com.

17. Defendant sells its radio-controlled model vehicles through its own website, Traxxas.com, through specialized hobby shops and their respective websites, such as RC Superstore.com, Hobbytown.com, AMainHobbies.com, HorizonHobby.com, RCHobbyPro.com, RCPlanet.com, and the like, as well as through Amazon.com. *See* <u>Exhibit H</u>.

18. Plaintiff's target market for its products are children, ages 3-13 years old (*see e.g., from* Exhibit F*, below*).



19. Defendant's target markets for its products appear to be mature teenagers and adults, who desire to learn or already have significant experience with, the operation of radio-controlled model vehicles. *See* Exhibit I (*and see e.g., from* Exhibit I*, below*).



Defendant includes a disclaimer on its website, which reads in relevant part: "IMPORTANT! TRAXXAS PRODUCTS ARE NOT DESIGNED FOR CHILDREN OR MINORS YOUNGER THAN 14 YEARS OLD. RESPONSIBLE ADULT SUPERVISION IS REQUIRED DURING OPERATION AND MAINTENANCE." Exhibit G. Defendant also includes on its website a "Skill Level Guide," with skill levels 1-10 listed, along with essential descriptions regarding the expertise necessary to utilize Defendant's radio-controlled model vehicles, which Defendant advertises can reach speeds between 30MPH and 100MPH. Exhibit I.

20. Plaintiff has sold more than two (2) million toys under the MAXX ACTION trademark over the past three (3) years, and, to Plaintiff's knowledge, there has not been a single instance of actual confusion between Plaintiff's mark and Defendant's Registered Marks.

21. In its Cease and Desist Letter, Defendant did not cite to any known instance of actual confusion between the marks at issue.

22. Despite all of the above, Defendant demands that Sunny Days "immediately cease and desist from any and all use and intended use of the MAXX ACTION mark in connection with role play toys in the nature of playsets for children to imitate real life occupation; toys, namely, toy bows and arrows, toy guns, toy trucks, toy vehicles and related goods." *See* Exhibit E.

23. Defendant also demands that "Sunny Days Entertainment LLC immediately expressly abandon in its entirety U.S. Trademark Application No. 87/598,578 for the MAXX ACTION mark." *See* Exhibit E. Defendant further notes "that Traxxas intends to file a Notice of Opposition against U.S. Trademark Application No. 87/598,578 for the MAXX ACTION mark if and when the application is published by the USPTO." *Id*.

24. Additionally, Defendant sent the same cease and desist letter to six (6) of the vendors who sell Plaintiff's products, including Amazon, Target, Kohl's, Hobby Chimp, and Surubaby.com (collectively, the "Vendors").

25. Defendant's transmission of the cease and desist letter to the Vendors was a calculated attempt to disrupt the business relationships through which Plaintiff sells its products. Defendant's inclusion of the Vendors as recipients of the letter was done with the intent to have the Vendors unilaterally cease selling the Plaintiff's products.

26. Defendant sent the cease and desist letter to the Vendors without any attempt to discuss the alleged infringement with the Plaintiff or find any amicable business resolution amongst the parties.

27. Due to Defendant's allegations and demands, Sunny Days is faced with the choice of either abandoning its rights to sell its Lights and Sounds Toy Vehicles under the MAXX ACTION mark, or else risk further legal action by Defendant.

28. Thus, there presently exists a justiciable controversy regarding Sunny Days' right to make any and all forms and shapes of Lights and Sounds Toy Vehicles safe from Defendant's allegations that such conduct constitutes an infringement of any trademark rights allegedly owned by Defendant.

29. A judicial declaration is necessary and appropriate at this time under the circumstances and to resolve fully: (1) Defendant's allegations that Sunny Days' trademark usage is infringing Defendant's trademark rights and that such trademark usage unfairly gives Plaintiff's goods an undeserved acceptance in the marketplace; and (2) Defendant's demand for Sunny Days to cease and desist using the MAXX ACTION trademark in conjunction with the sale of its toy products.

## COUNT I

**No Infringement by Plaintiff of Alleged Trademark Rights Asserted by Defendant**

30. Sunny Days re-alleges and incorporates by reference each of the numbered Paragraphs, above, as if fully set forth herein.

31. There is no legal or factual basis for Defendant's claim that the Sunny Days' trademark MAXX ACTION has caused, or is likely to cause, confusion among the consuming public with Defendant's Registered Marks.

32. Based on, but not limited to, the vastly different price points, the dissimilar channels of trade, and the disparate consumer classes, as outlined in Paragraphs 12-21, above, as between the parties, their respective trademarks, and the identified goods, Plaintiff asserts that Plaintiff's sale of its Lights and Sounds Toy Vehicles under the trademark MAXX ACTION is not an infringement of any of Defendant's trademark rights. Thus, Sunny Days' trademark MAXX ACTION does not infringe or violate any rights Defendant may have in its Registered Marks.

33. Nor does Sunny Days' use of the MAXX ACTION trademark constitute unfair competition, or otherwise violate any federal, state, or common law.

34. Sunny Days is thus entitled to a judicial determination that its use of the MAXX ACTION trademark does not violate any federal, state, or common law, as compared with the rights of Defendant in its Registered Marks.

35. Sunny Days requests a declaratory judgment that Defendant's alleged trademark rights are not infringed by the afore-described actions of Plaintiff.

36. Such a declaratory judgment would resolve a justiciable dispute between Defendant and Sunny Days.

## COUNT II

### Plaintiff's Right to Register its Trademark

37. Sunny Days re-alleges and incorporates by reference each of the numbered paragraphs, above, as if fully set forth herein.

38. Defendant has asserted that Plaintiff's MAXX ACTION trademark should not be registered by the USPTO because its registration would be likely to cause confusion or mistake, by the consuming public in making purchasing decisions.

39. Based on, but not limited to, the vastly different price points, the dissimilar channels of trade, and the disparate consumer classes, as outlined in Paragraphs 12-21, above, as between the parties, their respective trademarks, and the identified goods, Plaintiff asserts that Plaintiff's sale of its Lights and Sounds Toy Vehicles under the trademark MAXX ACTION is not likely to cause confusion or mistake by the consuming public in making purchasing decisions.

40. Sunny Days requests a declaratory judgment that, when considering Defendant's Registered Marks, no likelihood of confusion would occur by the continued use of, and the subsequent federal registration of, Plaintiff's MAXX ACTION trademark, which application is pending before the USPTO.

41. Such a declaratory judgment would resolve a justiciable dispute between Defendant and Sunny Days.

## COUNT II

### Tortious Interference with Contract

42. Sunny Days re-alleges and incorporates by reference each of the numbered paragraphs, above, as if fully set forth herein.

43. Plaintiff has contractual relationships with each of the Vendors, through which the Vendors offer the Plaintiff's products for sale to the public.

44. Defendant knew of the Plaintiff's contractual relationship with each of the Vendors.

45. Defendant's transmission of the cease and desist letter to the Vendors was a calculated attempt to disrupt the business relationships through which Plaintiff sells its products. Defendant's inclusion of the Vendors as recipients of the letter was done with the intent to have the Vendors unilaterally cease selling the Plaintiff's products.

46. Defendant was not justified in telling the Vendors that Plaintiff's products infringed upon its marks, as there had not been, and still has not been, any determination that the Plaintiff's use of MAXX ACTION is, in fact, an infringement upon the Defendant's marks.

47. Plaintiff has been damaged in an amount to be proven at trial as a result of the Defendant's communication with the Vendors.

**PRAYER FOR RELIEF**

WHEREFORE, Sunny Days respectfully prays that this Court grant the following relief:

A. That the Court enter a declaratory judgment:

1. That Defendant's alleged trademark rights are not infringed by Plaintiff's use of MAXX ACTION in conjunction with the sale of Lights and Sounds Toy Vehicles, or in conjunction with the sale of Plaintiff's role play toys in the nature of playsets for children to imitate real life occupation; toys, namely, toy bows and arrows, toy guns, toy trucks, toy vehicles and related goods;

2. That Sunny Days' use of the MAXX ACTION trademark does not

4813-5962-9915.3-5962-9915.2

12

constitute unfair competition, or otherwise violate any federal, state, or common law; and,

3. That, when considering Defendant's Registered Marks, no likelihood of confusion would occur by the continued use of, and the subsequent federal registration of, Plaintiff's MAXX ACTION trademark, which application is pending before the USPTO.

B. That the Court enter injunctive relief, ordering that Defendant, as well as its officers, agents, servants, employees, attorneys, and all others in active concert or participation with them, are enjoined and restrained from asserting alleged trademark rights against Plaintiff with respect to Plaintiff's Lights and Sounds Toy Vehicles under the trademark MAXX ACTION and/or its role play toys in the nature of playsets for children to imitate real life occupation; toys, namely, toy bows and arrows, toy guns, toy trucks, toy vehicles and related goods.

C. An award of monetary damages as a result of Defendant's tortious interference with Plaintiff's sales contracts with the Vendors;

D. An Order awarding attorneys' fees, costs, and expenses incurred in connection with this action to Sunny Days; and

E. That the Court award such further relief as is merited under law and equity.

**Date: January 26, 2018**     **Respectfully submitted,**

s/ Travis V. Olmert
Travis v. Olmert
Carter, Smith, Merriam, Rogers & Traxler, P.A.
P.O. Box 10828
900 East North Street
Greenville, S.C. 29603
Telephone: (864) 242-3566
Facsimile: (864) 232-1558
Travis.Olmert@carterlawpa.com

*And*

Chanelle R. Acheson TN BPR # 030008 (*pro hac vice* forthcoming)
Kevin T. Elkins TN BPR # 033280 (*pro hac vice* forthcoming)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219-8966
Telephone: 615.244.6380
Facsimile: 615.244.6804

Email: chanelle.acheson@wallerlaw.com
kevin.elkins@wallerlaw.com

*Attorneys for Sunny Days Entertainment, LLC*