IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| SUNNY DAYS ENTERTAINMENT, LLC, § § *Plaintiff*, § § vs. § § TRAXXAS, L.P., § § *Defendant*. § | Civil Action No. 6:18-cv-15-DCC |

**MEMORANDUM IN SUPPORT OF DEFENDANT TRAXXAS, L.P.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS**

Defendant Traxxas, L.P. ("Traxxas") enters this special appearance for the limited purpose of contesting this Court's jurisdiction over it. The Court should dismiss Plaintiff's complaint on two grounds: (1) pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction; and (2) pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

**I.     NATURE OF THE CASE**

This is a declaratory judgment action in which Plaintiff Sunny Days Entertainment, LLC ("Sunny Days") seeks a judicial determination that it does not infringe trademarks owned by Traxxas and that it has the right to register the MAXX ACTION trademark as applied to "Role play toys in the nature of playsets for children to imitate real life occupation; Toys, namely, toy bows and arrows, toy guns, toy trucks, toy vehicles" in International Class 028. Sunny Days also alleges that Traxxas tortiously interfered with Sunny Days' contracts by sending a cease-and-desist letter to Sunny Days and six of its vendors.

1

The Court is required to have personal jurisdiction over Traxxas. *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 413 (4th Cir. 2002) ("The requirement that a court have personal jurisdiction is grounded in the Due Process Clause."); *see also, e.g., Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59 (4th Cir. 1993). As its basis for personal jurisdiction, Sunny Days alleges that Traxxas sells its products to dealers and customers in South Carolina. However, Traxxas' alleged sales are "essentially irrelevant in the declaratory judgment context." *Compare Mike's Train House, Inc. v. Metro. Transp. Auth.*, No. 16-CV-02031-JFM, 2016 WL 6652712, at *11 (D. Md. Nov. 9, 2016). Traxxas is not "at home" in this forum, and there is no affiliation between this forum and the underlying controversy. Thus, this Court does not have personal jurisdiction over Traxxas.

## II.     FACTUAL BACKGROUND

### A.     Procedural History and Allegations

Sunny Days filed its Original Complaint in this action on January 3, 2018. ECF No. 1. On January 26, 2018, before serving Traxxas with the Original Complaint, Sunny Days filed an Amended Complaint. ECF No. 8 ("Complaint"). Sunny Days purports to have served the Complaint via certified mail "return receipt requested" on February 22, 2018. ECF No. 12 ("Proof of Service"). Sunny Days does not claim, however, to have served the Complaint via restricted delivery. Moreover, the mailing was addressed to the CEO of Traxxas, Michael Jenkins, but the Proof of Service indicates that the return receipt was signed by "C Jackson." *Id*.

The Complaint's sole asserted basis for personal jurisdiction is as follows:

> This Court has personal jurisdiction over Defendant because Defendant engages in business in the State of South Carolina and has sufficient contacts in the State of South Carolina to subject it to *in personam* jurisdiction. Particularly, Defendant sells its products online and through various dealer stores, and Defendant makes its products available to customers all over the United States, including the State of South Carolina. Further, on information and belief, Defendant sells its products in South Carolina. *See* Exhibit A.

2

Complaint at 2, ¶ 5; *see also* Complaint at Ex. A (Traxxas.com Dealer Locator Website Page).

### B.  Traxxas

Traxxas is a Texas limited partnership that maintains its principal place of business in McKinney, Texas.  Declaration of Brian Zollinger ("Zollinger Decl."), Ex. 1, ¶ 4.  The business Traxxas operates was started in 1986, over 31 years ago, and has grown to become the number one selling name in Ready-to-Run nitro and electric model vehicles in the U.S.  *Id.*, ¶ 5.

Traxxas has no significant ties to South Carolina.  It has no office or real property in South Carolina.  *Id.*, ¶ 6.  It has no bank accounts or warehoused goods in South Carolina.  *Id.*, ¶¶ 7-8.  It has no telephone listings, employees, or agents in South Carolina.  *Id.*, ¶¶ 9-10.  It is not registered to do business in South Carolina.  *Id.*, ¶ 11.  Any "connections" to South Carolina are attenuated.  As a global brand, Traxxas uses nationwide advertising that may reach South Carolina.  *Id.*, ¶ 12.  Traxxas typically sells its products indirectly through local independent hobby dealers, but also sells its products directly to customers, primarily as a courtesy to customers without a local dealer nearby.  Traxxas' Internet prices are almost always higher than local dealer prices, and Traxxas' Internet sales make up a very small percentage of Traxxas' overall sales.  *Id*.  Traxxas does not specifically target South Carolina in any advertising or direct sales.  *Id*.  Traxxas principally makes wholesale sales to independent hobby stores.  *Id*., ¶ 13.  Three independent hobby stores in South Carolina currently purchase Traxxas vehicles.  *Id*.; *see also* Complaint, Ex. A.

## III.  STANDARD OF LAW

### A.  Personal Jurisdiction

When a district court considers a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, it is the plaintiff's burden to make a *prima facie* showing of personal jurisdiction.  *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).  In such a case, the court must

construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction. *Id.*

The primary focus of a personal jurisdiction inquiry is the defendant's relationship to the forum State. *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1779 (2017). "A federal district court may exercise personal jurisdiction over a foreign corporation only if: (1) such jurisdiction is authorized by the long-arm statute of the state in which the district court sits; and (2) application of the relevant long-arm statute is consistent with the Due Process Clause of the Fourteenth Amendment." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014). Because South Carolina has extended its service of process laws to the outer limits allowed by *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945), the inquiry collapses into whether the exercise of jurisdiction comports with due process. *E.g., ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 391 (4th Cir. 2012); *Ratliff v. Cooper Labs., Inc.*, 444 F.2d 745, 747 (1971).

Personal jurisdiction may be general or specific. General personal jurisdiction over a defendant arises from the defendant's "continuous and systematic" activities in the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Specific personal jurisdiction, on the other hand, arises from an "activity or an occurrence that takes place in the forum State" and is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). The Fourth Circuit has adopted a three-part test to determine whether the exercise of specific personal jurisdiction is proper: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff['s] claims arise out of those activities

4

directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ESAB Grp.*, 685 F.3d at 91-92 (internal quotation marks omitted).

In the trademark declaratory judgment context, a defendant's sales are "essentially irrelevant" in determining personal jurisdiction. *See Mike's Train House, Inc. v. Metro. Transp. Auth.*, No. 16-CV-02031-JFM, 2016 WL 6652712, at *11 (D. Md. Nov. 9, 2016). Instead of focusing on a defendant's sales, the relevant inquiry is whether the claim arises from or relates to the defendant's enforcement or defense of its intellectual property in the forum. *Id.*, *citing Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1020 (Fed. Cir. 2009). Such enforcement includes, for example, exclusive licenses; but cease-and-desist letters do not form the basis for personal jurisdiction. *Id.*, *citing Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1202 (Fed. Cir. 2003); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998); *see also Jarrett v. State of N.C.*, 868 F. Supp. 155, 159 (D.S.C. 1994).

### B.     Service of Process

Plaintiff also bears the burden of establishing that service of process was correctly made. *Robinson v. Wateree Cmty. Actions, Inc.*, No. 3:17-CV-01578-JMC, 2018 WL 703335, at *2 (D.S.C. Feb. 5, 2018). Service of process must comply with Federal Rule of Civil Procedure 4, and where a defendant has not been sufficiently served with process, it may seek dismissal under Rule 12(b)(5). *See* Fed. R. Civ. P. 12(b)(5).

Rule 4(e) governs service of process upon individuals in the United States. *See* Fed. R. Civ. P. 4.(e). Rule 4(e) provides that in addition the methods enumerated therein, service of process may be accomplished pursuant to the law of the state in which the district court sits. *Id.* Here, Sunny Days attempted to serve Traxxas via mail in accordance with the South Carolina Rules of Civil Procedure ("SCRCP"). The SCRCP permit service of a summons and complaint

5

by "by registered or certified mail, ***return receipt requested and delivery restricted to the addressee***." S.C. R. Civ. P. 4(d)(8) (emphasis added); *see also Get Joe's LLC v. Hangover Joe's Holding Corp.*, No. CIV.A. 4:14-2626-BHH, 2015 WL 461684, at *2 (D.S.C. Feb. 4, 2015) ("Rule 4(d)(8) of the South Carolina Civil Procedure Rules permits service on certain defendants by certified mail, but only if sent 'return receipt requested and delivery restricted to the addressee.'").

## IV.     ARGUMENT

Sunny Days' *only* alleged basis of personal jurisdiction over Traxxas in this forum is Traxxas' alleged sales into this District via the Internet and three dealer stores.[1]  Complaint, ¶ 5, Ex. A.  Although Sunny Days does not specify whether these alleged connections give rise to general or specific personal jurisdiction, the allegations are insufficient under either theory.

### A.     **This Court Does Not Have General Personal Jurisdiction Over Traxxas**.

It is well-settled that sales alone do not give rise to general personal jurisdiction.  "[M]ere purchases [made in the forum State], even if occurring at regular intervals, are not enough to warrant a State's assertion of [general] jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions."  *Goodyear*, 564 U.S. at 929, *quoting Helicopteros*, 466 U.S. at 418 (second and third alterations in original).  Were it otherwise, "any substantial manufacturer or seller of goods would be amenable to suit, on any claim for relief, wherever its products are distributed."  *Goodyear*, 564 U.S. at 929.  Thus, Sunny Days' allegations concerning Traxxas' sales into South Carolina do not give rise to general personal jurisdiction.

---

[1] Although Sunny Days mentions the cease-and-desist letter as support for its *venue* allegations, it does not rely on the cease-and-desist letter to establish *personal jurisdiction*. Nevertheless, "The mere receipt in South Carolina of information sent by Defendants from [outside South Carolina] cannot establish either *personal jurisdiction* over Defendants . . . or proper venue in this court." *Jarrett v. State of N.C.*, 868 F. Supp. at 159 (emphasis added).

6

Nor does the presence of Traxxas dealers in South Carolina give rise to general personal jurisdiction. *Cf.* Complaint, ¶ 5, Ex. A. The Fourth Circuit has previously declined to find general personal jurisdiction where a defendant had dealers in South Carolina. *See Ratliff*, 444 F.2d 745, 746, 748 (finding defendants' activities in South Carolina "minimal" where one defendant had "dealers and wholesalers" in South Carolina). Indeed, that same case rejected general personal jurisdiction even where a defendant employed sales persons in South Carolina. *Id.* at 746, 748.

Sunny Days does not allege, nor is there to be found, any "continuous and systematic" affiliations with South Carolina as to render Traxxas essentially at home in this State. *Compare Goodyear*, 564 U.S. at 919, *citing Int'l Shoe*, 326 U.S. at 317. Traxxas has no office, warehouses, or real property in South Carolina; it has no bank accounts, telephone listings, employees, or agents in South Carolina; and it is not even registered to do business in South Carolina. Zollinger Decl., ¶¶ 6-11. "When . . . defendant's only activities consist of advertising and . . . solicit[ing] orders, we think that fairness will not permit a state to assume jurisdiction." *Ratliff*, 444 F.2d at 748, *quoting Seymour v. Parke, Davis & Co.*, 423 F.2d 584 (1st Cir. 1970). General personal jurisdiction should similarly not be exercised here.

### B.    Traxxas' Sales Into South Carolina Do Not Give Rise to Specific Personal Jurisdiction

This Court also lacks specific personal jurisdiction over Traxxas in this case. For a court to exercise specific jurisdiction over a claim, there must be "an affiliation between the forum and the underlying controversy." *Goodyear*, 564 U.S. at 919 (internal brackets omitted). "Where there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers*, 137 S.Ct. at 1781.

In intellectual property cases, the declaratory judgment defendant's sales of products into the forum do not give rise to personal jurisdiction. *See, e.g., Mike's Train House*, 2016 WL

7

6652712, at *11 (defendant's sales through its online store "cannot support a finding of personal jurisdiction"); *Coastal Video Commc'ns, Corp. v. Staywell Corp.*, 59 F. Supp. 2d 562, 568 (E.D. Va. 1999) (holding that plaintiff's copyright declaratory judgment action "does not arise from defendant's sale of the copyrighted material or defendant's other exploitation of the copyright in Virginia"). Rather, the relevant inquiry is whether the claim arises from or relates to the defendant's enforcement or defense of its intellectual property in the forum. *Mike's Train House*, 2016 WL 6652712, at *11, *citing Autogenomics*, 566 F.3d at 1020 ("only enforcement or defense efforts related to the patent rather than the patentee's own commercialization efforts are to be considered for establishing specific personal jurisdiction in a declaratory judgment action against the patentee"). Such enforcement includes, for example, exclusive licenses; but cease-and-desist letters do not form the basis for personal jurisdiction. *E.g.*, *Mike's Train House*, 2016 WL 6652712, at **4-5, *citing Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d at 1202; *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355; *see also Jarrett v. State of N.C.*, 868 F. Supp. 155, 159 (D.S.C. 1994) ("The mere receipt in South Carolina of information sent by Defendants from [outside South Carolina] cannot establish either personal jurisdiction over Defendants . . . or proper venue in this court.").

Here, Sunny Days' only purported basis for personal jurisdiction is Traxxas' alleged sales into this District, but any such sales are "essentially irrelevant in the declaratory judgment context." *See Mike's Train House*, 2016 WL 6652712, at *11. Sunny Days has not pled, nor can there be found, a sufficient basis for specific personal jurisdiction in this case.

### C. Plaintiff did not Serve Traxxas with Sufficient Process.

As detailed above, service by mail pursuant to Rule 4(d)(8) of the SCRCP requires three things: (1) the mailing must be sent either by registered or certified mail, (2) a return receipt must

8

be requested, ***and*** (3) delivery must be ***restricted to the addressee***. *See* Fed. R. Civ. P. 4(e); S.C. R. Civ. P. 4(d)(8). Here, Sunny Days only purports to have met the first two requirements. *See* ECF No. 12 at 2. Sunny Days does not contend that it mailed the summons and complaint via restricted delivery, and the return receipt attached to the affidavit of service confirms that it was ***not*** sent via restricted delivery. *See id.* at 3-4. Therefore, there has not been sufficient service of process upon Traxxas. *Cf. Get Joe's LLC*, 2015 WL 461684, at *2 (noting that service of process was "not proper" where the return receipt did not "indicate that restricted delivery was selected").

Moreover, the return receipt confirms that the mailing was not delivered to the addressee, "Traxxas, L.P. Attn: Michael Scott Jenkins." Mr. Jenkins did not sign the green card; rather, someone identified only as "C. Jackson" signed for it. There is no indication whether "C. Jackson" was authorized to accept service on behalf of Traxxas, and it is questionable whether C. Jackson signed as "agent." There is a small red smudge outside the bottom left corner of the "agent" box, but it is unclear whether this was an attempt to check the "agent" box, and the ink is a different color than the blue ink used to sign the return receipt.

These facts are analogous to a recent decision from this Court. *See Robinson v. Wateree Cmty. Actions, Inc.*, No. 3:17-CV-01578-JMC, 2018 WL 703335 (D.S.C. Feb. 5, 2018). In *Robinson*, the Court found that it lacked personal jurisdiction over the defendant where the plaintiff did not utilize restricted delivery and someone other than the addressee signed for the mailing. *Id.*, at *2. The person who signed did not check a box for "agent" or "addressee," and there was no evidence supporting that the signatory had authority to receive service of process for the defendant. *Id.* The Court found that because plaintiff's service of process did not comply with Rule 4(d)(8) of the SCRCP, "the court's personal jurisdiction over [defendant] ha[d] not been established." *Id.*

9

Therefore, Sunny Days has not sufficiently served Traxxas with process, and dismissal is also warranted pursuant to Rule 12(b)(5) for insufficient service of process.

## V. CONCLUSION

For the foregoing reasons, Traxxas respectfully prays that the Court DISMISS this action for lack of personal jurisdiction and insufficient service of process.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/William S. Brown
William S. Brown
Federal Bar No. 5929
E-Mail: william.brown@nelsonmullins.com
David C. Dill
Federal Bar No. 11860
E-Mail: david.dill@nelsonmullins.com
104 South Main Street / Ninth Floor
Post Office Box 10084 (29603-0084)
Greenville, SC  29601
(864) 373-2300

*Attorneys for Traxxas, L.P.*

Greenville, South Carolina

March 13, 2018